UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

**DECISION AND ORDER**
14-MJ-2033

v.

FREDDIE MACLIN,

Defendant.

On April 4, 2014, agents of the federal Bureau of Alcohol, Tobacco and Firearms ("ATF") arrested defendant Freddie Maclin ("Maclin") and charged him in a criminal complaint with being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  The Court held a detention hearing on April 9, 2014 and ordered Maclin detained, but without prejudice to revisit certain medical issues related to the possible need for back surgery.

On April 11, 2014, Maclin filed the pending motion for reconsideration of detention (Dkt. No. 6).  Maclin argues principally that medical records attached to the motion confirm the need for surgery.  Specifically, the attached medical records consist of an examination report to the New York Workers' Compensation Board, dated April 10, 2014.  In the report, Maclin's physician requests authorization to perform surgery to remove certain instrumentation that Maclin had placed in his back during an anterior discectomy and fusion on May 4, 2012.  Maclin's physician apparently proposes the surgery as an attempt to relieve

Maclin of constant lower back pain rated as 8/10 on the pain scale.  The

Government and the United States Probation Office ("USPO") oppose release

under any circumstances, citing the absence of any new information unknown at

the detention hearing and cited Maclin's lengthy criminal history.  Maclin

downplays his criminal history by noting that, as long as it is, his last criminal

offense before this case and a parallel case in Buffalo City Court occurred back in

1999.

The Court held a bail review hearing on April 23 and 25, 2014.  The Court

reserved decision and directed the USPO to investigate the suitability of any

proposed residence in the event of release.

Once the Court has issued a detention order, it may reconsider that order

and reopen the detention hearing "at any time before trial if the judicial officer

finds that information exists that was not known to the movant at the time of the

hearing and that has a material bearing on the issue whether there are conditions

of release that will reasonably assure the appearance of such person as required

and the safety of any other person and the community."  18 U.S.C. § 3142(f)(2).

"New and material information for Section 3142(f)(2)(B) purposes consists of

something other than a defendant's own evaluation of his character or the

strength of the case against him: truly changed circumstances, something

unexpected, or a significant event."  *U.S. v. Jerdine*, No. 1:08 CR 00481, 2009

WL 4906564, at *3 (N.D. Ohio Dec. 18, 2009) (citation omitted).  Where evidence

was available to defendant at the time of the hearing, the hearing will not be reopened. *See U.S. v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991); *U.S. v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989).

Here, the Court accepts the medical report attached to the motion as new medical detail not available previously. Proceeding to the merits of reconsideration, and without prejudging any preliminary hearing that may occur in this case, the Court notes that Maclin faces serious allegations that he possessed firearms not only in spite of his criminal record but also within the reach of young children at his residence. Maclin's criminal record remains as disturbing as it was a few weeks ago. The Court notes the gap between 1999 and 2014, but Maclin's criminal history from 1999 and earlier includes, based on the USPO bail report, seven convictions, three other convictions on violent felony offenses, and eight bail or parole violations accrued during Maclin's various convictions.

Nonetheless, the Court is willing to make a very limited and practical accommodation if Maclin actually undergoes surgery. *Cf. U.S. v. Stefano*, No. CRIM. 93-124-2, 1993 WL 261637, at *5 (E.D. Pa. June 30, 1993) (noting parenthetically that a defendant in the case "was released pending sentencing because he needed to undergo surgery to correct a serious medical condition"). The medical report attached to the pending motion contains two contingencies: a follow-up examination that would occur approximately four weeks after the April 10, 2014 date of the report; and a request for surgery authorization that may or

3

may not have been decided yet.  If Maclin receives authorization for the back surgery described in the medical report, schedules that surgery, and actually prepares to undergo it then the Court will release him directly to the hospital or medical center where the surgery will occur.  Maclin would not be authorized to leave that hospital or medical center without prior approval of the Court.  When discharge from that hospital or medical center is imminent then counsel will notify the Court of the need for further proceedings to assess, among other issues, the need for release to a rehabilitation center and the possibility of release to a suitable residence.

## CONCLUSION

For all of the foregoing reasons, the Court grants Maclin's motion for reconsideration of detention (Dkt. No. 6) in part and conditionally to release him directly to a hospital or medical center upon authorization and scheduling of the back surgery specified in the medical report attached to the motion.

SO ORDERED.

_____/s/ Hugh B. Scott_____
HONORABLE HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE

DATED: May 8, 2014