UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                                                 **Hon. Hugh B. Scott**

                    v.                                                  14CR108A

                                                                        **Order**

FREDDIE MACLIN,

                Defendant.

Before the Court is defendant's motion to suppress and related relief (Docket No. 21), including an evidentiary hearing (which was granted and scheduled for November 10, 2014, Docket No. 29). Defendant also sought that the Government produce "all reports and records associated with prior searches, and attempts to search, both of [defendant's] residences," at 19 Newburg Street and 300 Parkridge Avenue, both in Buffalo, New York, at least ten days prior to that hearing (Docket No. 21, Def. Memo. at 10-12).

The Government responded (Docket No. 28) and, in addition to addressing defendant's discovery relief (id. at 11, 12-14), the Government also sought reciprocal discovery (id. at 14-15).

Responses to the defense motion were due by September 22, 2014 (Docket No. 28; see Docket Nos. 19, 24, 27 (extended original schedule)), and was argued on October 14, 2014 (Docket No. 29; see Docket Nos. 24, 27). This Order addresses only the discovery motions of

defendant and the Government's reciprocal motion. The suppression motion will be addressed following the evidentiary hearing (and in a Report & Recommendation).

BACKGROUND

Defendant was charged with possession of firearms and ammunition by an armed career criminal and possession of a controlled substance, on or about March 11, 2014 (Docket No. 16, Indict.). This case arises from the search of defendant's house by law enforcement seeking to apprehend Tyrone Maclin, defendant's brother (see Docket No. 21, Def. Memo. at 1-2). While on probation, Tyrone Maclin was accused of reporting violations and, while awaiting sentencing, he allegedly made a terroristic threat against his employer (see id.). Tyrone Maclin then failed to appear at sentencing at New York State Supreme Court on May 2013 (see id. at 2). Defendant claims that Tyrone Maclin had moved out of defendant's house, 19 Newburg Street, when the bench warrant was issued (on May 15, 2013) (see id.). Probation and other law enforcement officers came to defendant's house three times attempting to locate Tyrone Maclin, and they were told each time that Tyrone did not live there (id.). The first time, defendant allowed these officers to search the house for Tyrone (id.). Defendant then refused to open the door to law enforcement searching for his brother (id.).

In 2014, defendant moved to 300 Parkridge and law enforcement officers continued to search for Tyrone Maclin, this time at 300 Parkridge (id.). On March 5, 2014, the police returned again. Defendant contends that officers forced their way into his apartment and asked for his consent to search for his brother. (Id.) Defendant claims that "his will overborne, and being overpowered by the show of force," defendant agreed to yet another search for his brother, which defendant argues is a limitation on the scope of the search (id., Ex. B, Def. Aff.). The

officers searched defendant's closet and a space behind a wall, finding a shotgun and shells on the floor (id. at 3). Defendant then was asked if any convicted felons lived there and defendant responded "no" (id.).

*Motion for Discovery*

Defendant seeks records from prior attempts to search the Newburg and Parkridge apartments for Tyrone Maclin, arguing that these documents would reveal a pattern of continued attempts to pressure defendant to permit repeated entries into his premises to search for his brother (id. at 11). He seeks documents from the Erie County Probation Department, the Buffalo Police Department, the New York State Police Department, as well as the United States Marshal's Service (id.). Defendant argues that the Government "has a continuing duty to inquire of all law enforcement agencies as to whether they possess information required by the law and the Federal Rules of Criminal Procedure" (id.), see Kyles v. Whitley, 514 U.S. 419, 437-38 (1995); see also Brady v. Maryland, 373 U.S. 83 (1963); United States v. Gil, 297 F.3d 93, 101 (2d Cir. 2002). Defendant argues that this information also goes to the credibility of the police officers as to their testimony about the March 5, 2014, search (id.). He seeks these items ten days in advance of the hearing (id. at 11-12). He also argues that this material is discoverable as Brady and Giglio material (id.).

The Government responds that it complied with its discovery obligations, producing materials relevant to this case (Docket No. 28, Gov't Response at 1, Exs. 2, 3 (cover letters of materials to defense counsel)), including reports of searches of defendant's residences (id. at 1). As for Giglio materials, the Government intends to produce exculpatory evidence and

3

impeachment material prior to trial (id. at 12, 14). As for Brady materials, the Government claims that it has already produced a CD-Rom and 112 pages of materials (id. at 13).

*Reciprocal Discovery*

The Government cross-moves for reciprocal discovery from defendant (Docket No. 28, Gov't Response at 14-15). During oral argument, the Government contends that defendant seeks information from third parties and that the items sought are too tangential to be relevant to this case.

DISCUSSION

I.      Defendant's Motion

The search warrant here was to find Tyrone Maclin, thus the searches and attempted searches at defendant's residences were not targeting defendant but were to find his brother. Defendant argues that the Government has continuing obligations to inquire of all law enforcement agencies if they have information required by law.

The Government claims that it produced a CD-Rom and over 100 pages of relevant material, but it does not claim that it produced third party investigators' searches and attempts to search defendant's residences.

Rule 16(a)(1)(E) requires the Government to produce for inspection, upon defense request, documents and other materials that is "within the government's possession, custody, or control." As one court notes, the "government" in Rule 16(a)(1)(E) is a variable concept, and it is not the whole federal government but not just limited to the prosecution in a given case, see United States v. Ahmed Khalfan Ghailani, 687 F. Supp. 2d 365, 370 (S.D.N.Y. 2010). The "government" includes government agencies (including the police) that are "acting on the

government's behalf in the case," id. at 371& n. 23 (citing Kyles, supra, 514 U.S. at 437, discussing the "arm of the prosecution" doctrine).

The Government here produced items within its possession, custody, or control, see United States v. Ahmed, No. 10CR131, 2011 U.S. Dist. LEXIS 120191, at *19 (S.D.N.Y. Sept. 23, 2011). This may include documents surrounding the investigation of brother Tyrone Maclin. The cases cited by defendant (Docket No. 21, Def. Memo. at 11) for the Government's discovery obligations involve an investigation of the defendants in those cases. The investigations in those cases cited by defendant involve that defendant rather than investigation of third parties. The Kyles Court considered the effect of the police's failure to present favorable evidence to the prosecution (and hence to the habeas petitioner there) on the prosecution's compliance with Brady, Kyles, supra, 514 U.S. at 421. In Gil, the defendant argued that the Government suppressed internal Off Track Betting Corporation documents that would have been favorable to him in the mail fraud charges from his contract for heating, ventilation, and air conditioning work at the OTB offices, 297 F.3d at 95. Brady itself involved withheld statements by a codefendant admitting the actual homicide that petitioner was convicted of, 373 U.S. at 84. These cases do not involve an investigation of a different suspect that led to the defendant now seeking discovery.

Here, the state authorities searched for defendant's brother, Tyrone Maclin, and they were not investigating defendant. There was no federal investigation until finding (instead of Tyrone) firearms and ammunition. That developed into a separate inquiry after agents followed up on their questioning of defendant whether any felons lived in his house where the firearm and ammunition was found. There were two separate investigations, the manhunt for Tyrone Maclin

and whether there was a felon in possession of the firearm found in defendant's home. Thus, documents surrounding prior searches or attempted searches of defendant's residences trying to find Tyrone Maclin (unless within the possession, custody, and control of the Government, that is those agencies investigating defendant and the firearms possession) do not need to be produced. The Government is not required to gather material not in its possession, custody, and control to comply with defense discovery demands.

As a result, the Government's production **is sufficient** and so much of defendant's motion compelling additional production (Docket No. 21) is **denied**.

II.     Government's Reciprocal Discovery Motion

The Government cross-moves for reciprocal discovery from defendant (Docket No. 28, Gov't Response at 14-15), without any apparent objection by the defendant. Under Rule 16, the Government is entitled to production of documents in a defendant's possession that the defendant intends to use in his case-in-chief. Defendant is reminded of his obligations under Rule 16 to produce pursuant to the Government's notice for discovery, therefore, the Government's motion (id.) is **granted**.

CONCLUSION

For the reasons stated above, defendant's motion (Docket No. 21) to compel discovery from the Government in advance of the November 12, 2014, hearing, is **denied**; the Government's motion for reciprocal discovery (Docket No. 28, Gov't Response at 14-15) is **granted**.

This Court will address the suppression motion following conclusion of the evidentiary hearing and submission of appropriate post-hearing materials.

So Ordered.

                                                                                  /s/ Hugh B. Scott
                                                                                    Hon. Hugh B. Scott
                                                            United States Magistrate Judge

Dated: Buffalo, New York
       October 20, 2014