UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                                                                                                   **Hon. Hugh B. Scott**

                                       v.                                                    14CR108A

                                                                                                **Order**

FREDDY MACLIN,

                Defendant.

Before the Court is defendant's supplemental motion to assert additional grounds for his pending suppression motion[1] (Docket No. 34). This motion was filed following an evidentiary hearing on the suppression motion (Docket No. 33) wherein defendant did not elicit testimony about alleged coercion when he made statements to law enforcement agents on March 11, 2014. The suppression motion remains pending, awaiting decision of this supplementation motion as well as transcription of the hearing and any post-hearing briefing. The motion for leave to supplement was argued on December 18, 2014 (Docket No. 36).

BACKGROUND

Defendant was charged with possession of firearms and ammunition by an armed career criminal and possession of a controlled substance, on or about March 11, 2014 (Docket No. 16, Indict.), arising from the search of defendant's house by law enforcement seeking to apprehend defendant's brother (see Docket No. 21, Def. Memo. at 1-2). After numerous attempts to locate

---

[1] Docket No. 21.

defendant's brother, Tyrone, at defendant's former and present residences (see Docket No. 30, Order of Oct. 20, 2014, at 2-3), agents obtained a search warrant on March 10, 2014[2] (Docket No. 28, Gov't Response at 3, Ex. 1), and executed that warrant at defendant's apartment at 300 Parkridge Avenue on March 11, 2014.  Defendant was handcuffed and placed in a Buffalo Police Department car and he reportedly made statements to police officer Alan Ortiz (Docket No. 34, Def. Atty. Affirm. at 2), essentially claiming ownership of any contraband inside his house and that he should have gotten rid of the firearms (id.).  Prior to the hearing on November 17, 2014, defense counsel attempted to raise as a new basis for suppression that defendant was coerced into making his statements but the Government objected (id.).  The hearing proceeded under the original theories and defendant testified (id.; see Docket No. 33).  Defense counsel then made a proffer about additional testimony she would elicit regarding the new ground of coercion, again over the Government's objection; defendant was given until December 2, 2014, to file a supplemental motion (Docket No. 33, minutes; Docket No. 34, Def. Atty. Affirm. at 2).

Defendant timely moves for leave to argue that he also was coerced into making statements to Officer Ortiz, seeking a hearing as to defendant's voluntariness in making his statements (Docket No. 34, Def. Atty. Affirm. at 2).  Defendant contends that he felt compelled to make the statements to Officer Ortiz to avoid having his grandson (also in the apartment at the time of the search) being charged with weapons possession (id. at 4; id., Def. Aff.).  Defendant, in his affidavit in support of this motion, concedes that the officer had told him that he had the right to remain silent (id., Def. Aff.).

---

[2]The legality of that search warrant is contested in defendant's pending motion to suppress, Docket No. 21.

The Government still objects, noting that this motion was filed three months after the deadline for defense motions under this Court's scheduling Order (Docket No. 35, Gov't Response at 1, 2; see also Docket No. 19, minute entry of June 25, 2014, setting briefing schedule for this case, with the defense motion due by September 2, 2014). The Government argues that defendant (if not defense counsel) was aware of the circumstances leading to his statement, hence he was capable of raising a coercion argument with his initial motion (Docket No. 35, Gov't Response at 2). Alternatively, if the coercion argument is allowed to proceed, the Government concludes that defendant voluntarily made his statements and was advised of his Miranda rights prior to making them (id. at 2-3; see id., Ex. A, CPL 710.30 report). If a hearing is held, the Government offers that Officer Ortiz and Investigator Kevin Kendall (who testified during the November 17 hearing) would testify that they did not tell defendant that, his grandson would be charged if the defendant did not admit to possessing the guns (Docket No. 35, Gov't Response at 3-4).

Defendant argues that this supplementation motion is timely under Federal Rule of Criminal Procedure 12(c)(2) which requires motions to be filed "before trial" (id. at 3). The voluntariness of defendant's statements has to be determined, outside the presence of the jury (id., citing 18 U.S.C. § 3501), and the Government bears the burden of proving that the statements were made voluntarily (id., citing Colorado v. Connelly, 479 U.S. 157 (1986)). During oral argument, defendant produced a series of photographs of the apartment, presumably during or immediately following the search. In two of the photographs of the living room, depicted are defendant's grandson on the couch in handcuffs and at least three children

3

(toddlers). Defendant argues that these factors (small children in room during search, handcuffed grandson) led him to believe that he had to admit to possessing the guns.

## DISCUSSION

Rule 12 of the Federal Rules of Criminal Procedure governs the timeliness of pretrial motions. A party "may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue," Fed. R. Cr. P. 12(b)(2) (effective until Dec. 1, 2014), and motions to suppress must be made before trial, id., R. 12(b)(3)(C). Under the version of the rule before its December 1, 2014, amendment, "the court may, at the arraignment or as soon afterward as practicable, set a deadline for the parties to make pretrial motions and may also schedule a motion hearing," id., R. 12(c) (effective until Dec. 1, 2014), while its amendment also expressly allows the Court to extend or reset deadlines and states the consequence for an untimely motion, id., R. 12(c)(2), (3) (effective Dec. 1, 2014). If untimely, a Court may consider the defense, objection, or request if the party shows good cause, id., R. 12(c)(3) (effective Dec. 1, 2014); cf., id., R. 12(e) (effective 2002 until Decl. 1, 2014[3]). Under the former version of the rule, this showing of good cause avoided the consequence of waiver of relief sought under former Rule 12(e) (now repealed, effective December 1, 2014), see United States v. Davis, 598 F. Supp. 453, 455 (S.D.N.Y. 1984) (finding good cause to consider out of time motion). This Court has the discretion to excuse the waiver of the late motion, United States v. Eldridge, No. 09CR329, 2014 U.S. Dist. LEXIS 8519, at *5 (W.D.N.Y. Jan. 23, 2014) (Arcara, J.); see id. at *7 (Court considers merits of late motion). Good cause is shown when the late moving party demonstrates the cause for failure to raise the claim on time and prejudice resulting from the error, Davis v. United States, 411 U.S. 233, 242 (1973); Shotwell Mfg. Co. v. United States,

---

[3]This rule was formerly lettered Rule 12(f) prior to the 2002 amendments to that rule.

4

371 U.S. 341, 363 (1963); Fed. R. Cr. P. 12, advisory committee notes, 2014 amendments. Thus, under either versions of Rule 12, this Court can allow the otherwise untimely motion to go forward upon a showing of good cause for its untimeliness.

Here, defendant filed a timely initial motion to suppress (Docket No. 21), but then counsel realized that a coercion argument also should be made. Although, as the Government contends, the defendant was aware of this contention, good cause has been shown for its belated assertion, see also Davis, supra, 598 F. Supp. at 455 (despite accepting the Government's contention that the motion there could have been made, court found good cause for late motion). Defendant here raised this new ground only three months after the scheduling Order deadline, far sooner than other cases which courts have denied cause where a similar revelation occurred months later, e.g., United States v. Bin Laden, 132 F. Supp. 2d 198, 214 (S.D.N.Y. 2001) (defendant was aware of grounds for motion for at least six months before filing it); cf. Eldridge, supra, 2014 U.S. Dist. LEXIS 8519, at *6 (finding no extraordinary delay for return of case to Magistrate Judge after Report and Recommendation was rendered for codefendants' motions, in case pending for four years when latest motion was filed). As for prejudice, defendant would lose the ability to assert a coercion defense. On the other hand, already pending is defendant's motion to suppress his statements, this supplementation would add an additional ground to suppress.

Ultimately, at issue is the voluntariness of a defendant's statement, which is considered under the totality of circumstances surrounding that statement, Green v. Scully, 850 F.2d 894, 901-02 (2d Cir. 1988) (Docket No. 34, Def. Atty. Affirm. at 3). The voluntariness and circumstances surrounding defendant's statement to Officer Ortiz in light of defendant's new

5

coercion argument raises issues of fact best determined following a hearing. The prior hearing did not discuss the coercion argument; defense counsel in fact raised this at the outset of that hearing but the hearing focused on previously briefed contentions. From the parties' conflicting views of whether the officers threatened to arrest defendant's grandson unless defendant admitted to possessing the weapons or whether defendant made spontaneous utterances, a hearing is necessary.

## CONCLUSION

For the reasons stated above, defendant's motion (Docket No. 34) to supplement his pending suppression motion (Docket No. 21) to include a coercion claim is **granted**; a resumption of the suppression hearing to address this new claim will be set by a separate Order.

So Ordered.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
January 6, 2015