UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

**DECISION AND ORDER**
14-CR-108-A

v.

FREDDIE MACLIN,

Defendant.

This case is before the Court for review of a January 6, 2016 Report and Recommendation of Magistrate Judge Hugh B. Scott that recommends that the Court grant motions of the Defendant, Freddie Maclin, to suppress seized items and statements obtained in violation of Defendant Maclin's constitutional rights.  For the reasons that follow, and pursuant to 28 U.S.C. § 636(b)(1), the Court finds the Report and Recommendation lacks necessary findings, and recommits the motions to the Magistrate Judge for further consideration.

## BACKGROUND

On March 11, 2014, members of a United States Marshals' Fugitive Task Force executed a search warrant in the apartment of Defendant Maclin at 300 Parkridge Avenue, Buffalo, New York, and seized a 12-gauge shotgun, a .22 caliber handgun with a defaced serial number, ammunition, cocaine, narcotics-packaging materials, and a small scale.  The Defendant was placed in custody during execution of the search warrant, and after allegedly acknowledging his rights under

*Miranda*[1] to remain silent and to have the advice of legal counsel, the Defendant allegedly spontaneously admitted the seized items were his.

The search warrant for Defendant Maclin's apartment was authorized by a Buffalo City Court Justice upon application of a New York State Police investigator who was assigned to the Fugitive Task Force.  The officer had seen the shotgun and two shotgun shells on the floor of a closet in the apartment one week earlier, on the morning of March 5, 2014, while unsuccessfully searching for the Defendant's brother, Tyrone Maclin, in order to execute two arrest warrants.  The officer did not have a search warrant on March 5, 2014, but the Defendant told the officer, in circumstances the parties dispute, that the Defendant consented to the search.  The officer later determined that the Defendant has a record of felony convictions, making the Defendant's possession of the shotgun and shotgun shells crimes, and providing grounds for the search warrant that was executed on March 11, 2014.

## PRIOR PROCEEDINGS

After first being charged in a federal criminal complaint, Defendant Maclin was charged in an Indictment with one Count of possession of firearms as an Armed Career Criminal in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and one misdemeanor Count of possession of cocaine in violation of 21 U.S.C. § 844(a).  If convicted of possession of a firearm or ammunition, and found to be an Armed Career Criminal, the Defendant faces a mandatory minimum term of imprisonment of 15 years.  18 U.S.C. § 924(e)(1).

---

[1] *Miranda* refers to *Miranda v. Arizona*, 384 U.S. 436 (1968).

The case was referred to Magistrate Judge Scott pursuant to 28 U.S.C. § 636(b) for pretrial proceedings.  Defendant Maclin filed motions to suppress the items seized March 11, 2014, and to suppress the oral admissions he allegedly made that day.  The Defendant contends the seizures of physical evidence by law enforcement officers resulted from violations of his Fourth Amendment rights on March 5, 2014, and that his oral statements were illegal fruits of the Fourth Amendment violations.

Magistrate Judge Scott issued a Report and Recommendation (Dkt. No. 63) in which he recommends granting the motions to suppress.  The United States filed objections to the Report and Recommendation, and after supplemental briefing at the Court's direction, several scheduling delays, and a change of defense counsel, oral argument was held June 22, 2016.

## DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1), the Court must make *de novo* determinations of those portions of the Report and Recommendation to which objections have been made, and reviews the remainder of the findings and recommendations for clear error.  28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b). The Court will not find clear error in a report and recommendation of a magistrate judge unless  "left with the definite and firm conviction that a mistake has been committed."  *See United States v. Andino*, 768 F.3d 94, 99 (2d Cir. 2014) (clear error review on appeal of findings adopted from a Report and Recommendation).

The parties raised the question before the Magistrate Judge whether two

arrest warrants for Tyrone Maclin, coupled with Fugitive Task Force officers' alleged reasonable beliefs that Tyrone Maclin was residing with the Defendant, and was present when the officers arrived at the Defendant's apartment on the morning of March 5, 2014 to search for him, justified the officers' conduct under the Fourth Amendment.  *Compare* Dkt. No. 21, pp. 5-7 *with* Dkt. No. 28, pp. 5-7.  The Report and Recommendation lacks recommended factual findings and legal conclusions as to those issues, however.  *See* Dkt. No. 63.

If the United States met its burden to establish during the suppression hearing that law enforcement officers had objectively reasonable beliefs in the totality of circumstances that Tyrone Maclin was residing with Defendant Maclin, and was present in the apartment when officers sought him on March 5, 2014, there may have been no Fourth Amendment violations.  *United States v. Lovelock*, 170 F.3d 339 (2d Cir. 1999); *see United States v. Terry*, 702 F.2d 299, 319 (2d Cir. 1983).  If the totality of whatever relevant circumstances were established during the hearing did not support finding such objectively reasonable beliefs, the Magistrate Judge's recommended findings on the events may remain relevant to the pragmatic analysis of the costs and benefits of suppressing evidence necessary to determine whether the exclusionary rule should apply.  *See generally*, *Herring v. United States*, 555 U.S. 135, 142 (2009).

Review of whether the United States established that officers had grounds for objectively reasonable beliefs in the totality of circumstances concerning Tyrone Maclin's residence and whereabouts on March 5, 2014 is of a mixed question of law

and fact.  *See United States v. Bohannon*, Dkt. No. 14-4679, 2016 WL 3067993 *4

(May 31, 2016).  Because the Magistrate Judge observed and heard the testimony

of the witnesses during the suppression hearing, and has weighed their credibility,

the Court is unable to make findings as to the pertinent questions of law without re-

running the hearing.  *Compare United States v. Lawson*, 961 F.Supp.2d 496, 499

(W.D.N.Y. 2013) (citing cases) *with* 28 U.S.C. §636(b)(1) *and* Fed. R. Crim. P.

59(b)(3); *see also United States v. Bershchansky*, 788 F.3d 102, 109 (2d Cir. 2015)

(discussing the nature of clear error review of factual findings during suppression

proceedings on appeal from a district court).  Accordingly, whether members of the

United States Marshals' Fugitive Task Force were justified in searching the

Defendant's apartment on March 5, 2014 by the arrest warrants for Tyrone Maclin,

and how the recommended findings as to those questions may bear on application

of the exclusionary rule, are recommitted to the Magistrate Judge.

## CONCLUSION

For the reasons stated above, and pursuant to 28 U.S.C. § 636(b)(1), the

motions to suppress are recommitted to the Magistrate Judge to address:  (1)

whether testimony during the suppression hearing was legally sufficient to establish

in the totality of circumstances grounds for objectively reasonable beliefs that Tyrone

Maclin was residing with Defendant Maclin in his apartment at 300 Parkridge

Avenue, and was present on the morning of March 5, 2014 when officers seized

Defendant and then entered the Defendant's apartment seeking to arrest Tyrone

Maclin; (2) whether any such beliefs justified the officers' seizure of the Defendant

and warrantless entry into Defendant Maclin's apartment on March 5, 2014 as a

matter of Fourth Amendment law; and (3) if the arrest warrants and objectively

reasonable grounds for beliefs about Tyrone Maclin's residence and whereabouts

did not justify the officers' conduct, whether the exclusionary rule should apply in

light of all the recommended findings and conclusions.

The Court expresses no opinion on the above-listed questions, and the Court

has not pre-judged any of them.  The Court leaves the nature and extent of further

proceedings entirely to the sound discretion of the Magistrate Judge.

**IT IS SO ORDERED.**

_Richard J. Arcara_
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:  July 8, 2016